JSF

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3932 | **DATE** | 4/12/2002 |
| **CASE TITLE** | USA ex rel JOHN CHILDRESS vs. SCHOMIG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, petitioner's amended petition for a writ of habeas corpus is denied. This action is dismissed in its entirety. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 1 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/12/2002 | |
| | | | date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, ex rel. JOHN CHILDRESS | ) ) ) ) | DOCKETED APR 1 5 2002 |
|---|---|---|
| Petitioner, | ) ) | |
| v. | ) ) | 01 C 3932 |
| JAMES SCHOMIG, Warden, Pontiac Correctional Center, | ) ) ) ) | |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Petitioner John Childress ("Childress") filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 21, 2001. For his conviction of intentional murder and felony murder, Childress was sentenced to death by lethal injection. For his conviction of home invasion and attempted aggravated criminal sexual assault, Childress was sentenced to a sixty-five year term to be served concurrently with his death sentence. Childress is currently in the custody of James Schomig, Warden of the Pontiac Correctional Center, Pontiac, Illinois River Correctional Center, Canton, Illinois, and is identified as prisoner number A-82154. Childress' amended petition for writ of habeas corpus contains ten claims for relief. For all the following reasons, Childress' amended petition for habeas relief is DENIED.

## PROCEDURAL HISTORY

Childress was indicted on six counts of first-degree murder, four counts of aggravated criminal sexual assault, one count of residential burglary, one count of burglary and two counts of

home invasion. A jury found Childress guilty of two counts of first-degree murder, knowing and intentional and felony murder, home invasion, burglary and attempted aggravated criminal sexual assault. At a separate sentencing hearing, the same jury found Childress eligible for the death penalty and further determined that there were no mitigating circumstance sufficient to preclude imposition of death. Accordingly, Childress was sentenced to death based on his conviction on two counts of first-degree murder, Childress was sentenced to a sixty-year term of imprisonment for home invasion, a seven-year term for burglary, and a five-year term for attempted aggravated criminal sexual assault. The prison terms were originally to run concurrently with each other, but consecutively to the death sentence.

Childress appealed his conviction and sentence directly to the Illinois Supreme Court raising twelve claims for relief. On February 3, 1994, the Illinois Supreme Court affirmed Childress' convictions of murder, home invasion and attempted aggravated criminal sexual assault, vacated his burglary conviction, affirmed his sentence of death for murder and ordered the that the other prison sentences were to be served concurrently with the death penalty rather than consecutively. People v. Childress, 633 N.E.2d 635, 652-654, 158 Ill.2d 275 (1994). On April 4, 1994, the Illinois Supreme Court denied Childress' petition for rehearing. On October 3, 1994, the United States Supreme Court denied Childress' petition for writ of certiorari.

On April 3, 1995, Childress filed a pro se post-conviction petition raising five claims for relief. On June 6, 1996, the Circuit Court of Cook County held an evidentiary hearing concerning Childress' claim that he was deprived effective assistance of counsel when his trial counsel's failed to introduce photographs at trial which depicted defensive wounds on Childress' hands. After the hearing, Childress' other four claims for relief were dismissed. Additionally, the Circuit Court ruled

that, as to Childress' claim of ineffective assistance of counsel, Childress' trial counsel did fail to adequately investigate Childress' background. The Circuit Court, however, found that Childress' counsel's deficiency was outweighed by the overwhelming amount of evidence against Childress. The Circuit Court held that since there was no reasonable likelihood that trial counsel's failure would have resulted in a different outcome for Childress, Childress' claim of ineffective assistance of counsel was without merit. On April 20, 2000, the Illinois Supreme Court affirmed the denial of Childress' petition for post-conviction relief. People v. Childress, 730 N.E.2d 32, 39, 191 Ill.2d 168 (2000). On May 30, 2000, the Illinois Supreme Court denied Childress' request for rehearing and on October 30, 2000, the United States Supreme Court denied Childress' writ of certiorari.

Childress filed his original petition for writ of habeas corpus on July 13, 2001. On November 21, 2001, Childress filed an amended petition for writ of habeas corpus. In this amended petition, Childress raises the following ten issues: (1) that his rights under the Sixth and Eighth Amendments and his rights under the due process clause of the Fourteenth Amendment of the United States Constitution were infringed by the prosecution's use of peremptory challenges to exclude prospective jurors who expressed a general objection to the death penalty; (2) that his rights under the Sixth and Eighth Amendments and his rights under the due process clause of the Fourteenth Amendment of the United States Constitution were infringed by the trial court's decision to re-open voir dire in the middle of trial and then excuse a juror for cause; (3) that his rights under the Fifth, Sixth and Eighth Amendments and his rights under the due process clause of the Fourteenth Amendment were infringed by the trial court's failure to question two other sitting jurors after it excused one of the jurors for cause in the middle of the trial; (4) that he was deprived of his Sixth Amendment right to the effective assistance of counsel when his trial counsel failed to ask

prospective jurors whether they would automatically impose the death penalty if Childress was found guilty of first-degree murder and when his trial counsel failed to investigate and present mitigating evidence regarding Childress' medical and family background at sentencing; (5) that his rights under the Fifth and Sixth Amendments and his rights under the due process clause of the Fourteenth Amendment were infringed by the trial court's refusal to admit evidence regarding the victim's prior drug use; (6) that he was deprived of his rights under the Eighth Amendment and the due process clause of the Fourteenth Amendment by the introduction of certain evidence and the prosecution's closing arguments at the conclusion of the second stage of the death-penalty hearing; (7) that he was deprived of his right to the effective assistance of trial counsel under the Sixth Amendment and the due process clause of the Fourteenth Amendment when his attorney failed to challenge the trial court's failure to question the two sitting jurors; (8) that the Illinois death penalty statute is unconstitutional because it improperly shifts the burden of persuasion to the defendant; (9) that his execution would violate his Eight Amendment and due process clause of the Fourteenth Amendment rights because he has been subjected to the "death row phenomenon;" and (10) that the cumulative effect of the previous nine claims deprived him of a fair trial and sentencing hearing as guaranteed by the United States Constitution.

## STANDARD OF REVIEW

The review of Childress' petition is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"). Under amended § 2254, in order for Childress to demonstrate that a writ of habeas corpus should be granted, he must show that the claim was adjudicated on the merits in state court and that the adjudication either: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established

federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The first phrase of § 2254(d)(1) pertains only to questions of law and authorizes habeas relief when the state court's decision is "contrary to" clearly established federal law as determined by the Supreme Court. Lindh v. Murphy, 96 F.3d 856, 868 (7th Cir.1996), *rev'd on other grounds not relevant here*, 512 U.S. 320 (1997). Thus, federal courts are "free to express an independent opinion on all [constitutional] legal issues in the case." Lindh, 96 F.3d at 868-69. The second phrase of § 2254(d)(1) pertains to mixed questions of law and fact and authorizes habeas relief when the state court's decision involves an unreasonable application of clearly established federal law as determined by the Supreme Court. Id. at 870. This phrase "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" Id. A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.1997). "[W]hen the constitutional question is a matter of degree, rather than concrete entitlements, a ... responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support [a state court's] judgment." Lindh, 96 F.3d at 871. If a state court asks the "legally correct question [such as] whether the trial judge abused his discretion ... [then] the fact-specific answer cannot be called 'unreasonable' even if it is wrong ..." Id. at 876-77. Finally, any determination of factual issues made by a state court will be presumed to be correct unless petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

ANALYSIS

I.  *Procedural Default*

In addition to the substantive burden Childress must meet to demonstrate that his writ of habeas corpus should be granted, Childress must also clear certain procedural hurdles. This court may not consider the merits of a petitioner's claim if that claim has been procedurally defaulted. Momient-El v. DeTella, 118 F.3d 535, 532 (7th. Cir.1997). Specific claims within a writ of habeas corpus will be denied as procedurally defaulted unless Childress has exhausted all the remedies available in state court according to state procedure as to each specific claim. 28 U.S.C. § 2254(b). Additionally, procedural default can occur where: (1) the petitioner presents an issue within a petition never before presented to the state court for review, see Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir.1995); (2) the petitioner has failed to properly and fairly raise the federal element of an issue now presented on petition first to the state court for review, see Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir.1992); or (3) the state court previously disposed of the issue on an independent and adequate state law ground, such as a state procedural bar. See Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991).

In this case, it is undisputed that Childress has exhausted all of his state court remedies of relief. Upon review of Childress' records from the Illinois state court system, this court finds that claims (1), (3), (7) and (9) are all procedurally defaulted because Childress failed to fairly present the federal issue within these claims to the state court for their review first.

A.  *Procedure Default by Failure to Present Issues to State Court*

A state prisoner must give the state court system an opportunity to act on his constitutional claims before presenting those claims to a federal court in a habeas petition. See O'Sullivan v.

6

Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731 (1999); Chambers v. McCaughtry, 264 F.3d 732, 737(7th Cir. 2001). To accomplish this, state prisoners must present and pursue fully any issue presented on writ through one complete round of the State's established appellate review process. Boerckel, 526 U.S. 838, 119 S.Ct. at 1732. This exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. Thus, claims that were never presented to the state courts cannot be raised for the first time in a federal habeas petition. See Rodriguez, 63 F.3d at 555.

Upon a complete review of the record in this case, this court finds that Childress has failed to present and pursue fully through one complete round of the Illinois' established appellate review process the claims identified above as (1), (3), (7), and (9). As a result, issues (1), (3), (7) and (9), within Childress' petition for habeas relief are dismissed with prejudice as procedurally defaulted.

B. *No Cause Shown to Save Procedurally Defaulted Claims*

If a federal district court does not reach claims raised by a petitioner because of a procedural default, that court may nonetheless review the merits of such claims if the petitioner demonstrates cause sufficient for the default and actual prejudice as a result of the alleged violation of federal law. See Wainwright v. Sykes, 433 U.S. 72, 90-1, 97 S.Ct. 2497 (1977). In order for there to be sufficient cause, there must be a showing of some external impediment that prevented the petitioner from properly raising the claim. Murray v. Carrier, 477 U.S. 478, 488 (1986). In the alternative to demonstrating cause and prejudice, a petitioner may show that review of a procedurally defaulted claim is necessary to correct a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. A fundamental miscarriage of justice is a very narrow exception limited to extraordinary cases where the petitioner is actually innocent, and not merely legally innocent, of the crime convicted. See

Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir.1996). A fundamental miscarriage of justice is established by demonstrating that it is more likely than not that no reasonable juror would have convicted petitioner in light of new evidence. See Schlup v. Delo, 513 U.S. 298, 327 S.Ct. (1995).

In this case, Childress has made no showing of cause and no showing of prejudice for his failure to properly preserve claims (1), (3), (7) or (9) for review by this court. Additionally, Childress has not alleged nor presented any proof suggesting that this court needs to review any of his procedurally defaulted claims in order to avoid a fundamental miscarriage of justice. As such, Childress' procedurally defaulted claims will not be considered by this court.

II.  *Merits of Claims not Procedurally Defaulted*

In this amended habeas petition, Childress' has properly preserved the claims identified above as (2), (4), (5), (6), (8), and (10) for review by this court. This court will address each issue in turn.

   A.   *Claim 2: The trial court's decision to re-open voir dire in the middle of trial and ultimately excuse a juror for cause*

Childress contends that the trial court improperly re-opened voir dire in the middle of trial and improperly excused juror, Michael Watkins, for cause. During the initial voir dire, the trial judge asked the entire venire, "do any of you that are sitting in the jury box have any scruples, by which I mean strong feelings whether by reason of conscience or religion, against the death penalty?" (Trial Report of Proceedings at 113). The prosecutor asked a similar question to the venire. Watkins said nothing in response to either question and was ultimately selected and sworn as a juror. The next morning, Watkins asked to speak to the judge and told the judge, " I think I'm going to have a problem with the outcome after the guilt or innocence is decided." 633 N.E.2d at 641. Watkins

8

told the judge that he did not feel comfortable playing a part in the sentencing portion of the trial if the trial went that far. Id. When ask whether there were any kind of circumstances that would allow him to sign a death verdict form, Watkins responded that it would have to be "extreme, extreme circumstances," and further stated that he most likely would not be able to sign a death verdict form. Id. Finally when asked whether he could follow the law as instructed as opposed to his own personal feelings about the death penalty, Watkins answered that he would have to follow the instructions but that he would follow those instructions unwillingly. Id. At that point, the prosecution moved to excuse Watkins for cause. The judge, however, feeling that Watkins was trying to avoid jury service, took the motion to excuse Watkins for cause under advisement, allowed Watkins to continue as a juror and stated that he would question Watkins again before the jury deliberated at the close of evidence. There was no objection by either side to this proposed procedure. During the second questioning of Watkins, at the close of all evidence, Watkins stated that he would have "major problems" imposing the death penalty. 633 N.E.2d at 642. The trial court found that Watkins could not be impartial based on his opposition to capital punishment and granted the prosecution's motion to excuse Watkins for cause.

A prospective juror in a capital case can be excused for cause when the juror's views on capital punishment would "'prevent or substantially impair the performance of duties as a juror in accordance with his instructions and his oath.'" Wainwright v. Witt, 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841, 851-52 (1985), *quoting* Adams v. Texas, 448 U.S. 38, 45, 100 S.Ct. 2521, 2526, 65 L.Ed.2d 581, 589 (1980); see also U.S. v. Harbin, 250 F.3d 532, 539 (7th Cir. 2001)(finding that where new information has come up concerning a juror's impartiality that juror can be removed for cause). A trial judge's determination that a particular member of the venire is

biased and therefore should not be seated as juror is based upon the demeanor and credibility of the particular individual, aspects of an individual which are peculiarly within a trial judge's province and should be given deference on habeas review. 469 U.S. at 428-29.

The Illinois Supreme Court concluded that it was neither error nor an abuse of discretion for the trial judge to reexamine Watkins after he had been selected and sworn as a juror. 633 N.E.2d at 642. The Illinois Supreme Court also held that it was within the trial judge's authority to reserve ruling on the motion to excuse for and to reexamine Watkins after all the evidence. Ultimately the Illinois Supreme Court found that the trial judge's removal of Watkins was proper under the circumstances present before the trial judge. Id. After review of the trial record, the decision of the Illinois Supreme Court and the controlling federal precedent, this court finds that the decision of the Illinois Supreme Court is not an unreasonable application of clearly established federal law. Accordingly, habeas relief based on the trial court's decision to re-open voir dire in the middle of trial and ultimately excuse a juror for cause must be denied.

B.  *Claim 4: Ineffective assistance of counsel*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court stated that in order to succeed on a claim of ineffective assistance of counsel a defendant must show: (1) that trial counsel's representation was deficient; and (2) that this deficient performance resulted in prejudice to the defendant. If a defendant fails to make a sufficient showing of either prong, a reviewing court need not address the remaining prong and the entire claim must fail. Strickland, 466 U.S. at 697. First, Childress argues that he received ineffective assistance of counsel at trial when trial counsel failed to inquire of all prospective jurors if they would automatically impose the death penalty. Second, Childress argues that he received ineffective assistance of counsel at trial when at the sentencing

10

hearing trial counsel failed to present readily available information regarding Childress' mental health problems and troubled family background. Childress concludes that the result of the sentencing hearing would have been different if trial counsel had properly completed either task.

In Morgan v. Illinois, 504 U.S. 719, 735-36, 112 S.Ct. 2222, 2233 (1992), the Supreme Court held that a capital defendant is entitled upon his request to inquire into prospective jurors' opinions in support of the death penalty, or "reverse-Witherspoon" the jury. In reviewing the merits of this same claim of ineffective assistance of counsel, the Illinois Supreme Court ruled that Childress' claim was meritless because nothing in Morgan suggests that defense counsel is constitutionally required to ask life-qualifying questions to prospective jurors. 730 N.E.2d at 175. In affirming the Circuit Court's denial of Childress' post-conviction petition, the Illinois Supreme Court made note that since a defendant is entitled to such voir dire questioning only upon a request, such questioning cannot be a constitutional obligation. Id. The Illinois Supreme Court also stated that since there was no precise formula of questions that can identify those prospective jurors whose opposition to the death penalty will prevent them from fulfilling their duties as jurors, a trial counsel's failure to ask a reverse-Witherspoon question does not render trial counsel's performance unreasonable. Id. at 176.

This court finds that the Illinois Supreme Court's ultimate resolution of this issue is not an unreasonable application of clearly established federal law. This court finds that there is no evidence to otherwise suggest that Childress' trial counsel was deficient in not inquiring of each prospective juror whether they would automatically impose the death penalty and also finds no evidence demonstrating how deficiency by trial counsel prejudiced Childress' case. Accordingly, Childress' claim for habeas relief for ineffective assistance of counsel for failure to ask a reverse-Witherspoon

questions must be denied.

As to Childress' second claim of ineffective assistance of counsel based on Childress' counsel's failure to present mitigation evidence, the Illinois Supreme Court reviewed the medical reports and affidavits from witnesses who were not called to testify and found that most of the evidence not used by trial counsel was not inherently mitigating. 730 N.E.2d at 178-79. The Illinois Supreme Court found, just as the Circuit Court had found on Childress' petition for post-trial relief, that most of the evidence found in the medical reports and affidavits could be perceived by a reasonable juror as aggravating. Id. at 179. In comparing all the evidence, the Illinois Supreme Court found that even taking the evidence not submitted by trial counsel as mitigating, the weight of aggravating evidence submitted by the prosecution far outweighed the potential mitigating evidence. Id. at 180. Specifically, the Illinois Supreme Court found that the aggravating evidence of Childress' extensive criminal record which spanned over three decades, Childress' prior conviction for murder, armed robbery, criminal trespass to a vehicle, burglary, resisting arrest, disorderly conduct, unlawful use of a weapon, attempted aggravated criminal assault, kidnaping, and unlawful restraint outweighed the questionable evidence tendered by Childress that may have been viewed as mitigating. The Illinois Supreme Court ultimately held that Childress had failed to demonstrate a reasonable probability that the outcome of his sentencing hearing would have been different if trial counsel had presented the omitted evidence. Id. at 181.

Upon review of this case and the Illinois Supreme Court's decision, this court finds the Illinois Supreme Court's decision, that the omitted evidence proffered by Childress as mitigating did not outweigh the aggravating evidence presented at sentencing, is not an unreasonable application of clearly established federal law. Accordingly, Childress' claim of ineffectiveness of trial counsel

at sentencing is also denied.

      C.    *Claim 5: The trial court's refusal to admit evidence regarding the victim's prior drug use*

Childress argues that he is entitled to habeas relief because the trial court improperly refused to admit evidence regarding the victim's prior arrest for the possession of cocaine. Childress argues that this omission of evidence would have corroborated his testimony that the victim allowed Childress into her home to have sex in exchange for drugs possessed by Childress.

The admissibility of evidence is generally a matter of state law. Milone v. Camp, 22 F.3d 693, 702 (7th Cir. 1994)(citation omitted). Accordingly, absent a showing that the refusal to admit evidence violated a specific constitutional guarantee, a federal court can only issue a writ of habeas corpus on the basis of a state court evidentiary ruling when that ruling violated the defendant's right to due process by denying him a fundamentally fair trial. Id. Childress has made no such showing in this habeas petition of a specific constitutional right violated or of how the trial court's rulings deprived him of a fair trial

On direct appeal, the Illinois Supreme Court held that the trial court's refusal to admit evidence of the victim's arrest was not an abuse of discretion, since the victim's arrest was too remote in time to be relevant to Childress' trial. 633 N.E.2d at 644. In this habeas petition, Childress offers no evidence to demonstrate that the proposed evidence excluded by the trial court was not too remote to be relevant and ultimately not insufficient to corroborate his testimony at trial. Upon review of the state-court proceedings below, this court finds that resolution of this issue by the Illinois Supreme Court is not contrary to clearly establish federal law and also finds no deprivation of any of Childress' constitutional rights in the trial court's refusal to admit evidence

13

of the victim's prior arrest.

> D.   *Claim 6: The introduction of certain evidence and the prosecution's closing arguments at the conclusion of the second stage of the death penalty hearing*

Childress next argues that habeas relief should be granted because the prosecutor argued to the jury in the aggravation/mitigation phase of the sentencing hearing that Childress might escape from prison if he were not sentenced to death. Childress also claims that habeas relief should be granted because the trial court permitted the prosecution to introduce at the sentencing hearing testimony concerning the conditions at medium-security prisons in Illinois and to suggest in closing arguments at sentencing that Childress might be sentenced to a medium-security prison if not given the death penalty. The Illinois Supreme Court held that the prosecutor's suggestion that Childress posed an escape risk was improper, since there was no testimony in evidence that Childress, during his prior period of incarceration, had ever attempted to escape or ever considered an escape risk. 633 N.E.2d at 652-53. The Illinois Supreme Court also found that evidence of the medium-security prison and suggestions that Childress might serve his time at a "college campus" like prison was also improper. 633 N.E.2d at 653. Despite these improper comments, however, the Illinois Supreme Court held that the improper comments during closing argument were not plain error in light of weight of aggravating evidence already in evidence and since the improper comments were brief[1]. Id.

In reviewing an allegation of prosecutorial misconduct in a habeas petition, federal courts must ask whether the misconduct "so infected the trial with unfairness as to make the resulting

---

[1] After reviewing the merits of Childress' claims of prosecutorial misconduct, the Illinois Supreme Court went on to also find that Childress had waived his right to raise issues of prosecutorial misconduct during closing arguments because trial counsel had failed to raise an appropriate objection during closing arguments. 633 N.E.2d at 653.

14

conviction a denial of due process." Stewart v. Duckworth, 93 F.3d 262, 267 (7th Cir.1996)(quoting Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986)). In doing so this court must consider the weight of the evidence against the defendant. 93 F.3d at 267 (citation omitted). While a review of this case does suggest that the prosecutor infected the close of the sentencing hearing with unnecessary rancor by his comments of Childress' possible escape risk and by his suggestion of Childress' possible accommodations in a medium-security prison, this court finds the determination of the Illinois Supreme Court is not an unreasonable application of clearly established federal law and also finds that the brevity of prosecutor's improper comments with the weight of the evidence against Childress did not affect the overall fairness of the sentencing hearing.

E.   *Claim 8: The Illinois death penalty statute is unconstitutional*

Next Childress argues that the Illinois Death Penalty Statute is unconstitutional because it places the burden of persuasion on the petitioner to show that death should not be imposed. Illinois conducts its capital sentencing hearings in two stages: the capital-eligibility stage and the sentencing stage. Coleman v. Ryan, 196 F.3d 793, 798 (7th Cir. 1999). In the first stage, the jury determines whether the defendant is eligible for the death penalty. In order to find that the defendant is eligible for a death sentence, the jury must unanimously determine that the defendant is over eighteen years of age, and that at least one of ten enumerated aggravating factors is present. 720 ILCS § 5/9-1(b). If an aggravating factor is deemed to apply, the jury then proceeds to "consider aggravating and mitigating factors as instructed by the court and ... determine whether the sentence of death shall be imposed." 720 ILCS § 5/9-1(g). In making its determination as to the death sentence, the jury's consideration is not limited to the aggravating and mitigating factors enumerated by statute. 720 ILCS § 5/9-1(c). "If the jury determines unanimously that there are no mitigating factors sufficient

to preclude the imposition of the death sentence, the court shall sentence the defendant to death." 720 ILCS § 5/9-1(g). At this second stage, where the jury is comparing aggravating and mitigating factors, there is no burden of persuasion. Free v. Peters, 12 F.3d 700, 703 (7th Cir. 1993). The prosecutor has the burden of producing evidence of aggravating factors and the defendant has the burden of producing evidence of mitigating factors, but if both parties satisfy these burdens the burden of proof "drops out." Id. (citation omitted). Accordingly, upon review of the record and relevant case law, Childress' claim that the Illinois Death Penalty Act is unconstitutional is without merit. See e.g., Silagy v. Peters, 905 F.2d 986, 998 (7th Cir. 1990)("we also agree with the Illinois Supreme Court that the imposition of such a burden of persuasion on a defendant 'is constitutional because at this point in the hearing the prosecution has already proven beyond a reasonable doubt that a statutory aggravating factor exists making the defendant eligible for the death penalty [citation omitted], and the jury is now weighing aggravating and mitigating factors presented by both the State and defendant.'").

F.   *Claim 10: The cumulative effect of the previous claims*

Finally, Childress argues that the cumulative effect of all the constitutional violations set forth in his amended petition for habeas relief have deprived him of his constitutional right to a fair trial and sentencing. Trial errors which in isolation are harmless might, when aggregated, alter the course of a trial so as to violate a petitioner's right to due process of law. Alvarez v. Boyd, 225 F.3d 820, 824 (7th Cir. 2000)(citations omitted). The cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error. Id. (quotes omitted). To prevent the synergistic effect of these errors from escaping review, courts attempt to determine whether the whole is greater than the sum of its parts. This cumulative

effect analysis requires a petitioner to establish two elements: (1) at least two errors were committed in the course of the trial; and (2) that when considered together, along with the entire record, the multiple errors so infected the jury's deliberation that they denied the petitioner a fundamentally fair trial. Id. (citations omitted). Upon a final review of the record in this case, this court cannot identify at least two errors committed during the course of Childress' trial or sentencing, particularly since all of Childress' claims in this petition are either procedurally defective or without merit. Furthermore, in consideration of Childress' state-court record, the court finds that no one error or possible combination of errors occurred during Childress' which then so infected the jury's deliberations that they then deprived Childress of a fundamentally fair trial.

## CONCLUSION

For all the above stated reasons, Childress' amended petition for writ of habeas corpus is DENIED. Claims identified herein as (1), (3), (7) and (9) in support of his amended petition for writ of habeas corpus are all procedurally defaulted. Childress' remaining claims identified herein as (2), (4), (5), (6), (8), and (10) are all without merit. This case is dismissed in its entirety. All other pending motions are moot.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: April 12, 2002

17